# Spencer *v.* Overton.

### In the original action,

ASHBEL SPENCER, one of the Select Men of the Town of *New-Hartford*, and the rest of the inhabitants, *Plaintiffs ;* SETH OVERTON and JOSEPH BLAGUE, Jun. Select Men of the Town of *Chatham*, and the rest of the inhabitants, *Defendants*.

$\mathbf{A}$CTION of *assumpsit*.

The declaration stated, that one *Eli Fox*, an inhabitant of Chatham, broke his leg, at New-Hartford, and being poor, and unable to support himself, was cast, with his family, upon the Town of New-Hartford for support ; and that the select men disbursed $50 out of the Town-treasury for taking care of him ; and concluded in the common form of indebtedness and *assumpsit*, without alleging, that notice of the plaintiffs' demand had been given to the defendants.

On the trial of this case, in the County Court, on the general issue, the plaintiffs offered in evidence a letter written by *Overton*, for himself and the rest of the select men of Chatham, acknowledging that *Fox* was a pauper of that Town, to the admission of which the defendants objected, on the ground of its being improper and irrelevant testimony to support the declaration. The objection was overruled, the letter read, and a bill of exceptions filed.

The Court found for the plaintiffs, and rendered judgment accordingly. On a writ of error, brought by the defendants to the Superior Court, that judgment was re-

*Plaintiff declares in assumpsit, against a Town, for maintenance of one of its paupers, and omits to aver notice ; this defect in the declaration is cured by verdict.*

1803.

SPENCER
*v.*
OVERTON.

versed. The plaintiffs in the original action then brought a writ of error to this Court, praying for a reversal of the judgment of the Superior Court.

*Allen* and *Gould*, for the plaintiffs in error, contended, that the letter was proper evidence to shew, that the Town of Chatham had notice ; and if, therefore, on that declaration, notice might have been given in evidence, the testimony was proper. They then contended, that the defendants must be considered as waiving all exceptions to the declaration, after verdict ; or, that the defect alleged was cured by verdict. (*a*)

*Smith*, (of Woodbury) and *Benedict*, for the defendants in error, contended, that a verdict will not cure a declaration, where the gist of the action, or any essential fact, is omitted ; and that no fact can be presumed to have been proved at the trial, except those alleged, or such as are necessarily concomitant with those alleged. (*b*)

The judgment of the Superior Court was reversed.

BY THE COURT. The letter was evidence proper to be exhibited in proof, that the plaintiffs had given notice of their claim to one of the select men of the Town of Chatham. The principal question on the record is, whether the declaration of the plaintiffs is sufficient in law? And the objection is, that they have omitted to allege notice of their claim. In the present case, the

(*a*) *Kir.* 140, *Church* v. *Norwich.* 1 *Salk.* 9, *Butler* v. *Cornwall.* 2 *Wils.* 380, *Freeland* v. *Hunt.* 4 *Bur.* 2018, *Frederick* v. *Lookup.* 1 *Mod.* 169, *Anonymous.* 2 *Bur.* 899, *Collins* v. *Gibbs.* 2 *Show.* 245, *Hitchin* v. *Stephens.* *Cro. Eliz.* 276, *Foxe* v. *Goodson.*

(*b*) 2 *Salk.* 662, *Buxenden* v. *Sharp.* *Doug.* 679, [654] *Rushton* v. *Aspinall.* 1 *Term Rep.* 141, *Spieres* v. *Parker.* 1 *Root* 292, *Hitchcock* v. *Page.*

plaintiffs have alleged, with legal precision, the facts, which were material to their relief; and the averment of notice was not essential to the sufficiency of their declaration. Were it otherwise, the defect of such notice would be cured by verdict. The rule of law is, that a verdict will not cure a defective title, but will cure a good title defectively alleged. If, on examination of the record, the title claimed appeared to be defective, no title can be construed to exist; for the construction must be in conformity to, and in corroboration of, the record. A good title may, however, be intended, presumed, or inferred,—or, in other words, be found apparent upon a record,—from a view or comparison of it, in all its parts. A decision, that such proof has been made, as the law requires should be made, is often warranted, on an application of the rules of construction to a record. As relative to verdicts, it is the duty of courts to examine, whether that which the plaintiff ought to have made to appear, and has defectively shewn, on one part of the proceedings, is made to appear legally, and in a proper manner, in another part of the proceedings. In such case, the record, viewed, and legally construed, in all its parts, shews that sufficient is made to appear to evince, that the title of the plaintiff is *a good one*, and ought to be supported; though the same may be inaptly, or defectively, set forth in his declaration. The allegation, that notice was given, when compared with the other allegations, in the declaration, appears to be of minor importance. If the verdict be admitted to be true, the proof of such notice must be inferred; and such inference, or intendment, can be legally made from the record under consideration. Such has been the course of decisions; and the case of *Rushton* v. *Aspinall* has narrowed the rule, and is, in this respect, a departure from the principles of

the common law, as adopted, and heretofore applied, in this State.

To this opinion of the Court, DAGGETT and ED-MOND, *Asts.* dissented. (*c*) They said, that however the

(*c*) Having met with a manuscript essay on the question agitated in the foregoing case, written by a gentleman in the first rank of the profession, and for several years a member of this Court, I applied to him for permission to present it to the public. Having obtained that permission, I am happy to avail myself of it, in this place.

AFTER verdict of a jury, upon the general issue, judgment may be arrested, in many cases, for insufficiency of the declaration ; but all defects, which are bad on demurrer, are not causes for the arrest of judgment ; because many defects are cured by verdict of a jury.

1. All immaterial facts omitted, and all informality in the allegations, such as duplicity, for instance, are cured by verdict, not so much because they are supposed to be supplied by proof, as because it would be unreasonable to suffer a party to avail himself of such defects, after putting a defendant to the expences of a trial to the jury ; and, perhaps, it is more correct to say, that the defendant waives all formal exceptions, by pleading to issue.

2. Where material facts are stated too generally, imperfectly, or with such ambiguity, that the declaration would be bad on demurrer, these defects are cured by verdict.

3. Where material facts are entirely omitted, if they are necessary concomitants of any material facts alleged in the declaration, so that in finding the facts alleged, the jury must necessarily have found the facts omitted, the defect is cured by the verdict.

But the total omission of any material fact, which is in no way connected with any fact alleged, is not aided by verdict.

The reason, why any material omission is cured by verdict, is, that the fact so omitted is supposed to have been proved to the jury. Then it follows, that when there is an omission of a fact, which could not regularly be proved to the jury, there is no room to presume they have found proof of it ; and, of course, such defect is not cured.

question might be, on a general declaration of *indebitatus assumpsit*, yet here the plaintiffs had stated their case

It is obvious that where facts are too generally, or imperfectly stated; yet if they are so stated as to apprize the party of what he has to defend against, and he sees fit to plead the general issue, these facts may be proved.

So again, in many cases, facts entirely omitted are so connected with facts alleged, that the facts alleged cannot be proved, without proving those omitted.

But where material facts are entirely omitted, and are in no way connected with facts alleged, the opposite party has no opportunity to defend against them, and they could not be proved on trial. For instance, in *assumpsit*, when notice to the defendant is necessary to be stated, if notice is stated, but the time and place, when and where given is omitted; as notice could not be proved without proving the time and place, these are presumed to be proved to the jury; but let the fact of notice be omitted, and it could not regularly be proved, and, of course, there is no room for presumption.

So again, for the same reason, if the consideration for an express promise is omitted, it is not cured; and so it is, in every case, where a fact is entirely omitted, which makes a part of the gist of the action; and I think all the cases (*a*) on the subject will come within some of the rules and distinctions mentioned above.

Another substantial reason, why material facts not stated cannot be presumed to have been proved, is, that the jury are bound to find a verdict, when they find all the facts stated in the declaration to be true; and the plaintiff is not obliged to prove any more than he has stated, in order to entitle him to a verdict, if, indeed, he might be permitted to.

The idea, then, which has been entertained by some respectable lawyers, that after verdict the court will presume facts, not stated, necessary to support legal inferences, appears to be unfounded.

That the facts omitted are connected with legal inferences drawn by the jury, is not sufficient; but, in order that they may be presumed to be found, they must be connected with facts found by them.

(*a*) Doug. 683.   1 Salk. 364.   2 Salk. 662.   1 T. R. 141.

1803.

SPENCER
v.
OVERTON.

specially; and then it is necessary, that every essential requisite to a recovery, appear on the declaration. No notice is alleged, nor any fact, which is necessarily concomitant with it. The case is, therefore, within the rules laid down in *Rushton* v. *Aspinall*, and *Spieres* v. *Parker*, which ought to be adhered to.