* Parsons, C. J.
With respect to the first cause [ * 436 J shown against issuing a mandamus, the statute of 1804,
c. 76., by which the Dorchester turnpike corporation was created, provides, among other things, that the corporation shall be liable to pay all damages which may arise to any person from taking his or her land for said road, to be estimated by a committee to be appointed by the Sessions, or agreed to by the parties, saving to either party the right of trial by jury, or by a new committee (if the parties consent thereto), according to the law which makes provision for the recovery of damages arising from laying out highways.
The proceedings of the Sessions, on a petition for a jury to estimate damages for persons aggrieved at the laying out of a public highway, are regulated by the statute of 1786, c. 67. The fourth section gives the remedy by applying to the Sessions, on condition that the application be made to the said Court, that shall be held next after the acceptance of the return of the laying out of the highway.
The counsel for the rule have argued that the construction of this section may be, that application may be made not after the next term; or that an adjournment of the same term may be intended as the next term.
We cannot admit the first mode of construction, because it is evidently altering the terms of the condition on which the application is to be made ; which are, that it be made at the next term.— The second construction we fear to adopt, lest it should prove a snare to other persons who may be injured by the location of a public road. It is well understood by the people generally, that a Court holden by adjournment is not a new term, but a continuance of the *340 former term of the Court; and it is not unfrequent for Courts of sessions to adjourn for the accommodation of persons having business in it. Now, if we were to allow that the Court holden by adjournment was another term, all applications for juries [ * 437 ] *must be made at the adjournment, and not after. For it would be a contradictory construction to determine that an adjourned term, and the succeeding term, are each the next term.
Another objection made to the issuing of the mandamus is, that the damages found by the jury were excessive, and that for this reason, it was improper for the Sessions to accept and record the verdict.
This case is not like actions of assault and battery, or of slander, where there is no rule by which the damages may be measured ; but the same must be left to the discretion of a jury. Here, there are some rules ; — as the value of the land taken, the expense of fencing against the road, and the damage done to the land remaining; from which is to be deducted the benefit of the road, if any, to the owner of the land. From the evidence, the land was cultivated for the purposes of husbandry; some pasture, some tillage, and some mowing grounds. There was no evidence that the road passed through any pleasure or ornamented grounds. Lands equally good, it was testified, have been since sold at 150 dollars the acre. There is no evidence of any being sold before the location of the road. High offers, it was said, had been made, but by whom, or with what view, was not mentioned. In examining the verdict, it appears that the jury had assessed the damages at a greater rate than 900 dollars by the acre. From this view of the evidence, it is apparent that the damages might have appeared excessive to the Sessions.
We are satisfied that if the Sessions, improperly, and without good cause, reject a verdict which ought to have been allowed, a mandamus lies to compel them to do right, and to accept the verdict. But before a mandamus issues, this Court ought to be satisfied that the conduct of the Sessions was wrong. On this evidence we have not that satisfaction, and the mandamus ought not to issue. [ * 438 ] *In this case, the objection made to the proceedings before the sheriff would not prevail, because the parties were present when the jury was impanelled, and no challenge was made on account of the summons. But as it is a case which frequently occurs in practice, we have examined it.
By the statute of 1786, c. 67. $ 4., the jury were to be summoned by a sheriff or his deputy; but he selected them at his discretion. To guard against partiality, the statute of 1802, c. 135. <§>!., provides that the jury shall be summoned by the sheriff or his deputy ; *341 but the persons he is to summon are to be selected by lot from the jury-box by the selectmen. This power given to the sheriff or his deputy must be exercised by one of them, and not by a constable.
After the venires are returned to the sheriff or his deputy, he must summon the jurors selected. It appears to us that he might as well delegate his whole authority to a constable, to issue the venires, and to summon and impanel the jury, as any part of it. There is not in this much hardship on the sheriff, for his deputy may summon the jurors.
But, for the reasons we have assigned, the rule to show cause must be discharged.