Lincoln J.,
in giving the opinion of the Court, said in substance, that the laying out of the street was void for uncertainty as to the direction of it ; for it appeared from the evidence in the case, that if it were laid out according to the deed referred to in the record, the line of the westerly side would run several feet ' to the westward of old Blossom street; if, on the other hand, it were laid out in a straight line with old Blossom street, according to the communication from the trustees of the hospital, which also is referred to in the record, then it would run several feet to the eastward of the land of the hospital. The court cannot ascertain the intention of the selectmen. A street ought to be laid out with certainty, so that a surveyor may be able to make a plan of it, and so that a jury may ascertain the line of it, when called upon, pursuant to the statutes, to estimate the damages suffered by a party aggrieved by the laying out of the street.[1]
In the defendant’s third plea it is alleged, that the locus in quo has been used as a common way for the space of six years before the trespass is alleged to have been committed, A user for six years does not give a right of way here. In England there may be a dedication of a way, that is, by throwing open a piece of land and permitting the public to use it as a way, without putting up a bar or the like to denote that the owner retains his rights over it. But it is not known that in this commonwealth a way has ever been made by dedication. The third plea is adjudged bad.[2]
According to the agreement of the parties the defendant must be defaulted.
*175 Anonymous
Parker C. J.
A question was made before me respecting an interrogatory filed under a commission to take a deposi *176 tion. I have consulte'd my brethren upon, "t, and we have come to the conclusion, that the Court have nothing to do with interrogatories before the commission is returned ; but they must be objected to, if at all, before they go, and the objections noted.* , [1]

 Hicks v. Fisk, 4 Mason, 310; Beardslee v. French, 7 Conn. R. 125; Arnold v. Flattery, 5 Hammond, 273. See Herrick v. Stover, 5 Wendell, 580.

 The principle of dedication of a way has been regarded as well settled in the common law, by the following English authorities. Lade v. Shepherd, *175 2 Str. 1004; Rugby Charity v. Merryweather, 11 East, 376, n.; Woodyer v. Hadden, 5 Taunt. 125; Wood v. Veal, 5 Barn. & Ald. 454; Jarvis v. Dean, 3 Bingh. 447; King v. Wright, 3 Barn. & Adol. 681; British Museum v. Finnis, 5 Carr. & Payne, 460; Rex v. Leake, 2 Neville & Manning, 583; S. C. 5 Barn. & Adol. 469.
The same has been fully recognised in New Hampshire. Pritchard v. Atkinson, 4 N. Hamp. R. 1. So in Vermont. State v. Catlin, 3 Vermont R. 530; State v. Wilkinson, 2 id. 480; Pomeroy v. Mills, 3 id. 279; Abbott v. Mills, 3 id. 521. The principle of dedication of lands for highways, and for other public purposes, has frequently come under consideration in the Supreme Court of the United States, and it has received the full approbation and sanction of that court. City of Cincinnati v. White, 6 Peters, 431; M'Connell v. Lexington, 12 Wheat. 582, (6 Pet. Cond. R. 654;) Beatty v. Kurtz, 2 Peters, 566. See also Ward v. Folly, 2 Southard, 482; Galatian v. Gardner, 7 Johns. R. 106; Todd v. Rome, 2 Greenl. 55; Alden v. Murdock, 13 Mass. R. 258; Clark v. Mayo, 4 Call, 374; Conner v. New Albany, 1 Blackford’s (Ind.) R. 43.
It would be well to inquire, whether cases may not arise, in which it will not only be convenient, but even necessary, to adopt the principle of dedication of a way as a part of the law of this State. It seems to have been adopted by our Court in the case of a bridge on the public highway. Springfield v. County Commissioners of Hampden, 10 Pick. 76. See also Commonwealth v. Charlestown, 1 Pick. 188. The dedication of a bridge appears to be but little removed in principle from the dedication of a way. A public bridge is a common highway. Woolrych on Ways, 195, (No. 11 Law Libr. 155.) See also Pritchard v. Atkinson, 4 N. Hamp. R. 13; State v. Campton, 2 N. Hamp. R. 513; Rex v. Devon, Ryan & Moody, 144. In Commonwealth v. Low, 3 Pick. 413, the Court appears to treat the question as still doubtful, whether or not we have adopted the principle of dedication of a highway. See Ex parte Miller, 4 Mass. R. 565; Commonwealth v. Sessions of Norfolk, 5 Mass. R. 435; Alden v. Murdock, 13 Mass. R. 258; Commonwealth v. Charlestown, 1 Pick. 188; Odiorne v. Wade, 5 Pick. 421; Emerson v. Wiley, 7 Pick. 68 and 10 Pick. 310.
It is held in this State, that a town way cannot be acquired by dedication. Commonwealth v. Low, 3 Pick. 413. See also Jones v Andover, 9 Pick. 146; Todd v. Rome, 2 Greenl. 55; Rowell v. Montville, 4 Greenl. 270.
On the subject of dedication of a bridge to the public, see Rex v. West Riding of Yorkshire, 5 Burr. 2570; S. C. 2 W. Bl. 685; Rex v. Northamptonshire, 2 Maule & Sel. 262; Rex v. Kent, id. 513, Rex v. West Riding, 2 East, 342; Rex v. Oxfordshire, 4 Barn. & Cressw. 194; Woolrych on Ways, 195 et seq. (No 11 Law Libr. 155.)
In Stafford v. Coyney, 7 Barn. & Cressw 257, (14 Serg. & Lowber, 39,) it was thought by Bayley and Holroyd, Justices, that there might be a limited *176 dedication of a way to the public. Littledale J. doubted the possibility of it. See also Rex v. Lloyd, 1 Campb. 260; Roberts v. Carr, ibid. 262, n. (b.) ; Rex v. Northamptonshire, 2 Maule & Sel. 262.

 See Potter v. Leeds & al., 1 Pick. 309. Reporter.

 A leading interrogatory, in a deposition taken when both parties are present, must be objected to at the time it is put to the witness, if at all. Sheeler v. Sheer, 3 Binney, 130; Strickler v. Todd, 10 Serg. & Rawle, 63; Woodman v. Coolbroth, 7 Greenl. 181. See Craddock v. Craddock, 3 Littell, 77; Mechanics' Bank of Alexandria v. Seton, 1 Peters, 307; Boardman v. Wood, 3 Vermont R. 570. Objections to the competency of a witness should be mack at the time of taking the deposition, if the party attends, and the objections are known to him. If the facts constituting the objection be not known at the time of taking the deposition, the objection may be made at the reading of it. United States v. One Case of Hair Pencils, 1 Paine’s C. C. R. 400 See Graves v. Walter, 5 Moore & Scott, 310.