WATERBURY and others *against* the inhabitants of the town of DARIEN :

### IN ERROR.

Though in a petition to the county court for a highway from place to place within the same town, an averment that the select-men of that town neglected and refused to lay out such highway, is indispensable, yet it is not necessary to allege a special demand or request of the select-men to lay out such highway.

And if an allegation of such demand or request be necessary, it is not necessary to state *by whom* it was made.

And if it were necessary to state by whom it was made, yet a general statement, after verdict or a finding by the court, is sufficient, the defect being cured.

The averment of neglect and refusal, by the select-men, to lay out a highway, may be supported, by any evidence, from which that fact may fairly be inferred.

Therefore, where testimony was offered to shew, that six years previously, an inhabitant of the town, but not a petitioner, requested the select-men to lay out the road; and that shortly before the petition was brought, another inhabitant, but not a petitioner, made the same request of the present select-men, but did not inform them, that he was acting at the request of a petitioner; it was held, that this testimony, in connection with the admitted fact that the highway had not been laid out, was admissible to prove the neglect and refusal required.

Where the plea or answer to a petition to the county court for a highway, was, that the facts stated therein were not true, and if true, were insufficient; and the parties thereupon proceeded to try the facts, and the court found, that the respondents did not insist on the demurrer; and no judgment was rendered thereon; it was held, that the demurrer was thus waived, and the want of a judgment thereon was no ground of error.

Where the committee appointed to lay out a highway made their report to the stated term of the court in *April*, and the court adjourned until *June*, when the report, upon the application of the committee, was handed back to them to correct a clerical mistake therein, which they corrected accordingly, making the report conformable to the actual survey; it was held, 1. that the amendment being made at an adjourned session of the *April* term, must stand on the same ground as though it had been made in *April;* 2. that it was competent for the court to recommit the report to the committee to make the correction, and for the committee to make it.

*Qu.* Whether if the court transcend its powers in recommitting a report to the committee for amendment, it be not the subject of revision in error.

THIS was a petition, brought to the county court, *February* term, 1831, by *John Waterbury* and others, against the town of *Darien*, for a highway in that town. The petition, after setting forth the convenience and necessity of the proposed road, averred, that the select-men of *Darien* had ever neglected and refused to lay out said road, though often request-

ed so to do, especially at *Darien*, on the 3rd of *January*, 1831. The answer to this petition was, that the facts stated therein were not true, and if true, were insufficient.   The court found, that the select-men had ever neglected and refused to lay out said proposed highway, and still do, though often requested, particularly at *Darien*, on the 3rd of *January*, 1831.   The court also found, that the respondents did not insist on the objection to the insufficiency of the petition : and no decision was made thereon by the court, or claimed by the respondents to be made thereon.   The court appointed a committee to lay out the road.   At the next term, which was in *April*, the committee reported ; and at an adjourned session in *June*, while the petition was pending, the petitioners moved, that the committee be authorized to amend their report.  This motion was allowed, and the report amended.   On the presentation of the report, a remonstrance was filed against its acceptance, because the petition was insufficient, and because the report was materially altered by the committee, when they could legally make no alteration.   The court adjudged the petition sufficient, and found that the amendment was made to rectify a clerical mistake of the committee in drawing up their report, so as to make it conform to the actual survey or laying-out ; and that this was done, on the application of the committee. The court thereupon accepted the report.

On the trial, the petitioners, to prove the neglect and refusal of the select-men to lay out the road prayed for, after they had been specially requested to do so, offered testimony tending to prove, that about five or six years ago, one *Azariah Waterbury*, of *Darien*, but not one of the present petitioners, requested those who were then select-men, but who were not such when this petition was brought, to lay out the road ; and that those select-men, after an examination of the ground pursuant to such request, neglected and refused to lay it out.  The petitioners also offered testimony tending to prove, that one *Jesse Whiting*, of *Darien*, not one of the petitioners, a short time before the date of the petition, at the request of *John Waterbury*, one of the petitioners, requested the present select-men to lay out the road, but did not make known to them in whose behalf he made the application ; and that they neglected to lay it out.   This was all the evidence offered, by the petitioners, to prove the request and refusal alleged ; and it was admitted, that the select-men had not in fact laid out the

road. To this testimony the respondents objected as inadmissible; but the court admitted it. And thereupon the report was accepted, and the road established.

The respondents then brought a writ of error, in the superior court, assigning as causes of error, (among others) that the testimony of the petitioners was admitted; that said amendment was allowed; that the petition was insufficient; and that no judgment was given on the demurrer. The superior court reversed the judgment of the county court; and to revise the latter decision, the present writ of error was brought.

*S. H. Minor* and *Betts,* for the plaintiff in error, contended, 1. That the judgment of the county court ought not to be reversed for insufficiency of the petition. In the first place, the defect, if any, is one in point of *form,* and can be reached by a special demurrer only. 1 *Chitt. Plead.* 324. *Bowdell* v. *Parsons,* 10 *East,* 359. *Briggs* v. *Nantucket Bank,* 5 *Mass. Rep.* 94. Secondly, the request alleged is sufficient on special demurrer, if a request be a necessary averment. The request is to admonish the select-men of a public duty; and it is immaterial who makes it. The petitioners have no exclusive or peculiar interest. But thirdly, no averment of a request is necessary. It is not required by the statute. *Stat.* 269. Nor is it required, by the principles of the common law; the duty of the select-men to lay out the highway being a precedent duty. 1 *Swift's Dig.* 698, 9. *Birks* v. *Trippet,* 1 *Saund.* 33. *Frampton* v. *Coulson,* 1 *Wils.* 33. *Wallis* v. *Scott,* 1 *Stra.* 89. The request is merely evidence of neglect and refusal; and therefore, it need not be stated. The necessity of the road exists prior to and independent of the request. Fourthly, the demurrer was waived, and the defect cured, by the finding of the court on the issue in fact. *Gelston* & al. v. *Hoyt,* in err. 13 *Johns. Rep.*361. 3 *Conn. Rep.* 443. 1 *Wms. Saund.* 228. n. 1. *Leffingwell* & al. v. *White,* 1 *Johns. Ca.* 99.

2. That the judgment of the county court ought not to be reversed for the admission of the testimony offered by the petitioners. The proceeding is in behalf of the public. The only interest peculiar to the prisoners, is their liability to costs, as parties. But the statute does not require notice or a request *from any one,* as a preliminary measure. And it is not a

ground of error, that unnecessary testimony was introduced, if no injustice resulted therefrom.

*Fairfield,*
June, 1832.

Waterbury
*vs.*
Darien.

3. That the judgment ought not to be reversed, because the court allowed the report to be amended. In the first place, the amendment was of a *mistake*, and that merely *clerical*, so as to make the report what the committee *intended* it should be. Secondly, the amendment was made before the report was accepted ; and of course, it was *sub judice.* It was, moreover, made at the first term ; an adjourned session being part of that term. Thirdly, the allowance of amendments is within the *discretion* of the court, and therefore, not a ground of error.

*Sherman* and *Hawley,* for the defendants in error, contended, 1. That the testimony was inadmissible, because the request by *A. Waterbury,* six years ago, was not followed up, was not made upon these select-men and not in behalf of these petitioners ; and because the request made by *Whiting* was not known to the select-men to be in behalf of these petitioners, or any one having an interest.

2. That a demand or request of the select-men was necessary, and by one having an interest,—one having a right to call upon them ; and the petition must shew, that such a demand was made, that the court may see that there was such a refusal, as warranted its interposition, and that the town may be prepared to contest the application.

3. That the petition is insufficient, because it does not shew *by* or *of whom* the demand was made. Where a demand is necessary, this must be distinctly alleged. 1 *Chit. Plead.* 324. 1 *Saund. Plead. & Ev.* 159. *Rapelye* & al. v. *Bailey,* 3 *Conn. Rep.* 438.

4. That the exception being taken by demurrer, the defect has not been, and could not be, *waived.* It was *insisted* on, by the demurrer, in the most solemn menner ; and the finding of the court on this subject, must mean only, that the point was not *argued.* At any rate, it can have no effect, because it is opposed to the record.

5. That the court could not legally appoint a committee until they had *adjudged* the objection *insufficient.* This, it appears, has not been done.

6. That the amendment allowed could not be lawfully made after the term of the court at which the report was presented.

*Fairfield,*
June, 1832.

Waterbury
*v.*
Darien.

WILLIAMS, J. It is claimed, that the petition is insufficient, because although it avers that the select-men have neglected and refused to make the road, though specially requested, on the 3rd of *January* 1831, at *Darien ;* yet it does not aver *by whom* requested : and it is said, not only time and space must be specified, but the person by whom it is done must also be named. The petitioners contend, that however this may be, here a request is alleged ; and that the omission of time or manner is only a subject of special demurrer : That here there was not even a general demurrer, for this was waived ; and if there be a defect, it is cured by the judgment. They also claim, that no such averment was necessary.

In a former case between these parties, there was no allegation that the select-men had neglected or refused to lay out a highway ; nor did it appear, that any application was made to them. This was held to be insufficient. *Waterbury* v. *Darien,* 8 *Conn. Rep.* 162. To avoid this error, the draftsman has now not only averred, that the select-men have neglected and refused, but that a special demand was made upon them, at a certain time and place. It is now claimed, that he should have gone farther, and shown by whom it was made. I think he has done, already, more than he was bound to do ; and that the allegation of a special demand was unnecessary and may be rejected.

The legislature did not intend, that the courts should be troubled with the regulations of the affairs of towns unnecessarily ; but authorized their interference, when the agents of the town neglected their duty. The charge that the select-men neglected and refused is sufficient to give the county court a right to act.

It is said, that *neglect* implies something more than *mere omission ;* otherwise the bare fact that there was no road, would prove neglect, and so the allegation would be useless. That the statute intended something more than omission, I do not doubt ; and something more than omission must be proved. But it does not therefore follow, that a formal request must be made. The attention of the select-men may be called to the subject ; and by a suggestion of one of their own number,— by a vote of the town authorizing them to examine and report, or upon a hint from one of the petitioners, they may have examined the proposed route, and omitted to do any thing regarding it. In these and many other ways, enough may be shown, it

is apprehended, to satisfy the Court, that they neglected to lay out the road, though it cannot be shown, that they were ever requested, in terms, to do it. The demand, like a demand to prove a conversion, is one step in the progress of the proof; is one mode of making out the principal fact; but it is but one mode; and I see no more reason for alledging a demand in one case, than in the other.

But if a request was necessary, a request is stated. It is not indeed shown, by whom it was made. This, as well as time and place, is an omission rather of form than of substance; and although imperfectly stated, yet the principal fact being stated, it will be presumed, after the facts are found, that the circumstances important to the principal one, were proved. At most, the omission amounts to an incomplete or defective statement; and is cured by verdict, or by a finding of the facts by the court, as in this case. 1 *Chit. Plead.* 402. 1 *Day* 186. n. *c.* 1 *Wms. Saund.* 228. *a.* & seq. 1 *Johns. Rep.* 469.

The respondents also claim, that a demurrer was entered, upon which no judgment was ever given.

The form of the plea was, that the facts were not true nor sufficient. Without adverting to this singular mode of pleading, I would remark, that when the parties under such a plea go on to try the facts, it is pretty strong evidence that the demurrer is not insisted on; as in *King* v. *Lacey,* 8 *Conn. Rep.* 499. But upon this record the court find, as a matter of fact, that the defendants did not insist on the demurrer; and *so no decision was made thereon.* And is a judgment to be reversed, because a point was made in the court below, which was expressly waived,—or which the party so conducted with, that the court find it was not insisted on? This can mean nothing less than that it was waived. And it has been well remarked, by an eminent jurist: "A court below cannot be said to have committed an error, when their judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by acquiescence or default of the party who raised it." Per *Kent,* Chancellor, in *Gelston* v. *Hoyt,* in error, 13 *Johns. Rep.* 577.

Again, it was urged, that the committee were allowed to take back and amend their report. It seems, that the report was made at *April* term, and the court adjourned until *June,* when the report, upon application of the committee themselves, was handed back to them to make an alteration therein; and

*Fairfield,*
*June, 1832.*

Waterbury
*v.*
Darien.

the alteration so made was of a clerical mistake of the committee ; and was in conformity with the actual survey. As an adjourned court is considered part of the original term, it must stand upon the same ground as if made at the *April* term. *Fellows* v. *Carpenter, Kirb.* 364. *Commonwealth* v. *Sessions of Norfolk,* 5 *Mass. Rep.* 435.

In *Massachusetts,* the court have allowed a general verdict, given at a previous term, to be applied to a particular count only, upon the certificate of the judge. *Barnard* v. *Whiting & al.* 7 *Mass. Rep.* 358. Without saying that this amendment could be made at a different term, I see no reason to doubt why the court, in this stage of the cause, might not suffer this alteration to be made. The cause was before the court ; a clerical error was discovered ; and whether it was made by the parties in their pleadings, or by the clerk in his entries, no rule of law is shown, which forbids its correction. It is true, the papers may have been delivered, by the committee, to the court. Nothing further could be done, by the committee, without the approbation of the court. But as the court must have had the power to recommit the report, they must have had the power to recommit it, for a certain specified object ; and if for any purpose, the correction of a clerical error was one of the least objectionable.

The petitioners claimed, that this was not a subject of a writ of error. It is not necessary to settle that question. But it seemed to me to differ from questions of amendment under our statutes, which depend upon the sound discretion of the court. It seems rather a question, whether the court had power to repossess the committee of this report ; and if they had no such power, and attempted it, I do not see why their opinion should not be a subject of revision in the superior court.

Another question was made as to the admission of certain testimony. A witness was offered to prove, that six years before, an inhabitant of the town, but not a petitioner, requested the then select-men to lay out the road ; and shortly before the petition was brought, another inhabitant, but not a petitioner, requested it of one of the present select-men, but did not inform them that he was acting at the request of a petitioner. The remarks before made, shew, that any evidence from which the court might fairly infer neglect, on the part of the select-men, was proper. The evidence was of that character, and was properly admitted.

Other causes of error were assigned, but were not insisted on.

I am of opinion that the original judgment was correct, and that there is manifest error in the judgment complained of.

The other Judges were of the same opinion, except BISSELL, J. who gave no opinion.