# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF KENNEBEC, MAY TERM, 1837.

---

## THOMAS S. FARRINGTON *vs.* WILLIAM T. BLISH *et als.*

If a complaint for flowing lands by the erection of mills, under *st. of* 1821, *c.* 45, do not allege, that the respondent had erected a watermill on his own land, or on the land of another with his consent, and that it became necessary to raise a suitable head of water to work such mill, whereby the land of the complainant was flowed, the complaint is bad in substance.

Such defects in the complaint are not cured by a verdict for the complainant.

Nothing is to be presumed by the verdict to have been proved, but what is expressly stated in the complaint, or what is necessarily implied from the facts which are stated.

The defects are not cured, if the respondent plead, that he had a right to flow the land by grant from the same grantor, paramount to that of the complainant, without payment of damages, or that he had a license therefor directly from the complainant.

COMPLAINT for flowing lands. The complaint alleges merely, that the complainant was seised of a tract of meadow land in *China,* in this county, which was described, adjoining on a certain stream of water, also described, and that the defendants have erected upon said stream of water a certain mill-dam, and for many years, to wit, ten, have kept up the same dam, whereby the land of the complainant has been overflowed with water for the space of four years, and thereby rendered of no value ; and concludes with a prayer for assessment of damages. The respondents pleaded, by brief statement, that the dam mentioned did not cause the water to over-

flow the land of the complainant to subject him to any injury ; that the complainant was not at the time seised of the land; that the respondents had a right to flow the land without the payment of damages ; and that they had a license from the complainant to erect the dam, and flow back the water. In the Court of Common Pleas, the respondents pleaded a prior grant from the grantor of the complainant to flow the land without payment of damages, which was withdrawn in this Court. The verdict was for the complainant, and the respondents moved in arrest of judgment, and assigned several causes therefor.

*Wells*, for the respondents, said, that there were but two facts alleged in the complaint, to wit: that the complainant owned a tract of land on a stream, and that the respondents erected a dam across it. All besides is mere inference from these facts. He contended, that the complaint was bad in substance.

1. Because it is not alleged therein, that the respondents owned the land on which the dam was erected, or that they had any consent or authority from the owner to erect the same.

2. Because it is not alleged in the complaint, that the respondents, or any other person, or persons, had erected, owned, occupied, or possessed any watermill, or any other mill, or mills, whatever. *St. of* 1821, *c.* 45 ; *st. of* 1824, *c.* 261.

3. There is no allegation, that a head of water was necessary for the working of any mills. For a mere wanton injury by flowing back water, there is a remedy, but not by this process. He argued, that all these were essential to the maintenance of the process, and should have been alleged and proved. They are necessary to bring the complainant within the remedy pointed out by the statute.

4. Nor are these omissions cured by the pleadings or the verdict. The case, *Slack* v. *Lyon*, 9 *Pick.* 62, is directly in point, that the declaration is fatally defective. In that case, all the material facts omitted in the complaint, were admitted and alleged in the pleas. Here, no one fact omitted, is admitted or alleged.

The total omission of any fact necessary to be stated, is not cured by the verdict. Nothing, except what is stated, is to be presumed from the verdict, unless necessarily implied from what is stated. *Bartlett* v. *Crozier*, 17 *Johns. R.* 250 ; *Williams* v. *H. & Q.*

*B. & T. Corp.*, 4 *Pick.* 341 ; *Soper* v. *Har. Coll.*, 1 *Pick.* 177 ; *Smith* v. *Moore*, 6 *Greenl.* 274 ; *Hall's case*, 5 *Greenl.* 409 ; *Little* v. *Thompson*, 2 *Greenl.* 228.

*F. Allen & Boutelle*, for the complainant, contended, that the defects in the complaint were cured by the pleadings, as much as in the case *Slack* v. *Lyon*. There is a material difference between that case and this. There the allegation was only that a *dam* had been erected ; but here it is that a *mill-dam* had been erected, implying that there was, or was to be a mill. It is not necessary, that all the circumstances should be stated in the declaration, even on demurrer, and the omission of all of them is cured by the verdict. If the respondents have erected a mill-dam across the stream, they cannot now come in and say, that it was a mere trespass, and that there was no mill there. It is the dam which does the mischief and not the mill. The jury have found that the complainant's land was flowed by a mill-dam placed across the stream by the defendants. Every thing in addition to the allegations in the complaint, necessary to the support of the action, will be presumed from the verdict, to have been proved. This is a remedial statute, and the cases cited for the respondents are all on penal statutes. They cited *Fuller* v. *Holden*, 4 *Mass. R.* 498 ; *Richardson* v. *Eastman*, 12 *Mass. R.* 505 ; *Ward* v. *Bartholomew*, 6 *Pick.* 409 ; *Pangburn* v. *Ramsey*, 11 *Johns. R.* 141 ; *Warren* v. *Litchfield*, 7 *Greenl.* 63 ; 2 *Tidd's Pr.* 824 ; 2 *Chitty's Pl.* 228, 230 ; *Axtell* v. *Coombs*, 4 *Greenl.* 322.

After a continuance *nisi*, the opinion of the Court was drawn up and delivered by

Weston C. J. — The case under consideration, is a complaint provided for by the statute, for the support and regulation of mills. *Statute* of 1821, *c.* 45. It is a process specially given, which should contain averments of all the facts, made essential by the statute, to enable the complainant to avail himself of the remedy prescribed.

The statute makes it lawful for any person who has erected, or who may erect any watermill on his own land, or on the land of another, by the consent of the owner, for the working of which a suitable head of water is necessary, to continue such head, subject

to certain conditions, notwithstanding the land of others may be flowed thereby. But any person sustaining damage, by reason of his lands being thus flowed, may make complaint thereof to the Common Pleas, of which the owner or occupant of the mill is to be served with an attested copy. And thereupon such proceedings are to be had, as the statute prescribes.

To bring the case therefore within the statute, it was necessary for the complainant to set forth, that the respondents had erected a watermill on their own land, or on the land of another with his own consent, and that it became necessary to raise a suitable head of water to work it, whereby the land of the complainant was flowed, with an averment of the damages he had sustained thereupon. The complaint before us contains no averment, that the respondents had erected, or caused to be erected, on their own land, or on the land of any other person by his consent, any watermill whatever; or that they had any concern or interest in any such mill, or that it was necessary to raise any head of water, for the working of any mill.

The complaint then is clearly defective, in omitting averments essential to its prosecution. The respondents, in their pleadings in the Common Pleas, set up a right to flow in virtue of a grant from the proprietors of the *Kennebec Purchase,* who were the owners at the time, of the land flowed, as well as of the land where the dam was erected, to *John Getchell,* his heirs and assigns, under whom they claim. These pleadings were by permission withdrawn in the Supreme Court, but if they had remained, they do not supply the omissions in the complaint.

But it is insisted, that the defects in the complaint are cured by the verdict. It is true, that the Court are cautious how they arrest judgment after verdict. They will not intend any thing to overturn it, and will overrule objections, which they would have listened to on demurrer. A verdict will cure a title defectively set forth; but will not cure a defective title. *English* v. *Burnell,* 2 *Wilson,* 258; *Weston* v. *Mann,* 3 *Burrow,* 1725. Where a plaintiff has stated his ground of action defectively or inaccurately, all circumstances necessary to complete what is thus imperfectly stated, are presumed to have been proved, after verdict. But no such presumption can be made, where the plaintiff has omitted to state a

cause of action. *Rushton* v. *Aspinall, Douglas*, 679. In *Bull* v. *Steward*, 1 *Wilson*, 255, the defendant being a bailiff, was charged with having suffered the escape of *Alice Rawlin*, who was, as the declaration stated, indebted to the plaintiff. A motion was, after verdict, made in arrest of judgment, because the declaration did not set forth, how she was indebted; but the motion was overruled; the Court saying that, being after verdict, they would suppose every thing necessary, to have been proved. But this must not be taken too broadly; otherwise, it might be difficult in any case to support a writ of error after verdict. How she was indebted, was a circumstance, which must have been proved in showing her indebted. It would have been otherwise, if the averment that she was indebted, had been omitted.

The limitation of the rule, was well stated by Mr. Justice *Buller*, in *Spieres* v. *Parker*, 1 *T. R.* 141, " that nothing was to be presumed after verdict, but what was expressly stated in the declaration, or what was necessarily implied from the facts which were stated." And in *Bartlet* v. *Crozier*, 17 *Johns. R.* 139, Chancellor *Kent*, whose opinion was unanimously sustained by the Court of Errors, says, " the Court are never to presume a cause of action, even after verdict, when none appears." The modern law upon this subject, is stated in a learned note to *Spencer* v. *Overton*, 1 *Day*, 186, said to have been drawn by Judge *Reeve*, which is cited with approbation in *Little* v. *Thompson*, 2 *Greenl.* 228. It is there said, " the idea which has been entertained by respectable lawyers, that after verdict, the Court will presume facts, not stated, necessary to support legal inferences, appears to be unfounded." And the same general doctrine is sustained by the Court in *Williams* v. *Hingham, &c. Turnpike*, 4 *Pick.* 341.

In *Kingsley* v. *Bill et al.*, 9 *Mass. R.* 198, a promise to perform an award, although not averred, was held to be implied from the allegation, that the parties had submitted to arbitration. But the want of an allegation, that the award was published, was deemed a fatal defect, after verdict.

*Richards* v. *Eastman*, 12 *Mass. R.* 505, was trespass for taking and carrying away mahogany tables, chairs and bureau. After verdict, the Court refused to arrest the judgment, because the number must have been proved at the trial. This would result necessarily,

from the proof of the averment made. And in *Ward* v. *Bartholo-mew*, 6 *Pick.* 409, seisin in the demandant, which was not averred, was implied in the allegation, that he was disseised by the tenant, which was directly found by the verdict. In *Warren* v. *Litchfield*, 7 *Greenl.* 63, the damages found by the jury were referred to the averment in the declaration, which was unexceptionable, upon the principle, that after verdict, every legal intendment is to be admitted in its support. In *Pangburn* v. *Ramsay*, 11 *Johns. R.* 141, the plaintiff·averred, that by reason of a false return made by the defendant, he was unable upon *certiorari*, to procure a reversal of the judgment. This was held after verdict, equivalent to an averment, that the judgment was affirmed.

It has been urged that all, which the statute has made essential, is implied in the term mill-dam, which is to be found in the complaint; and we are referred to the ninth and tenth sections of the statute, where that term is used. The term is there first introduced, and it must be understood that it is so, with reference to the previous sections, which relate to a watermill, with which a dam to raise a suitable head of water, is necessarily connected. It is true, a mill-dam supposes a mill, actually built or intended to be. But the respondents may have erected the dam, and other persons the mill. The erection of a water mill, for the working of which a suitable head of water is necessary, is made the foundation of the complaint. And if the respondents have erected a mill-dam, we cannot regard it as implied, that they have also erected a mill. The head of water depends upon what the mill requires, upon which alone its continuance is lawful; subject to the special remedy for the owner of the land flowed, provided by statute, which is to be pursued against the owner or occupant of the mill.

The opinion of the Court is, that the complaint is fatally defective, as it stands.