## THE UNITED STATES *ex rel.* McDONALD VS. SUPERVISORS OF SUMMIT.

1. SPECIAL STATUTORY PROCEEDINGS. Where a special proceeding is authorized by statute, it is essential to its validity that all the requirements of the statute be strictly complied with.

2. ASSESSMENT OF DAMAGES IN OPENING HIGHWAY. The statute requires that a jury selected to assess the damages sustained by a land-owner, on account of laying out and opening a highway over his land shall be composed of freeholders, and that they are such, must affirmatively appear on the face of their proceedings or their acts will be held void. It is not sufficient that the precept of the justice commanded freeholders to be summoned.

Application for a peremptory mandamus. The facts are fully stated in the opinion of the court.

*J. E. Arnold*, for relator.

*A. D. Smith*, for respondents.

IRVIN, J. In this case *John D. McDonald* filed at this term of the court his petition and application for a mandamus against the supervisors of the town of Summit, in the county of Milwaukee, to compel them to audit and allow the sum of $271.25, which sum had been assessed by a jury as the amount of damages which he had sustained, by the location and opening of a public highway through his land, as described and set forth in his petition. Upon his said petition a rule was issued against said supervisors, to show cause why a peremptory mandamus should not issue against them, to compel them to

audit and allow said sum of $271.25. At a subsequent day of this term, said supervisors responded to said rule, and therein wholly deny the legality of the claim of said *McDonald*, and the liability of the town of Summit to pay it.

In the month of May, 1844, certain freeholders of the town of Summit signed a petition to the commissioners of highways, asking that a road might be laid out across the north-west corner of section No. 21 in said town, and to discontinue a certain road on the north line of said section No. 21. On the 15th day of June following, the commissioners examined the route, and caused a survey to be made, established a road thereon, and discontinued the old road ; on the 21st, the commissioners assessed the damages sustained by the petitioner (through whose land the road was located) at the sum of $78.13, and on the 27th, gave to him notice thereof. On the 20th day of July, the petitioner applied to a justice of the peace (being dissatisfied with the assessment of damages by the commissioners) for a precept, under the law making provisions for a re-assessment of damages in such cases. On the 22d day of July, the justice issued a precept to C. H. Daily, (a constable of the town of Oconomowoc) to summon six disinterested freeholders of that town, who were not of kin to the petitioner, to appear before him on the 16th day of August, from which to make a jury to re-assess the damages sustained by the petitioner in the location of said road. On the 14th, the constable makes on that precept the following return : "the within personally served on Jacob Milham, George Sellac, George Trout, Thomas E. Mott, Horace Baldwin, Seth Leonard.

On the 16th, the persons whose names are just recited, appeared, and from them were drawn according to the law Seth Leonard, George Trout, Thomas E. Mott and Horace Baldwin, who composed the jury, and who awarded to the petitioner as his damages, the sum of $271.25 ; payment of which was afterward refused, and to compel which, resort was had to this proceeding by mandamus.

The United States ex rel. McDonald vs. Supervisors of Summit.

The tenth section of the act, regulating this matter, provides that "if any person, through whose land such road or highway is located, shall consider himself aggrieved by such appraisal or assessment of the damages of such road by the commissioners, he may apply to a justice of the peace within thirty days thereafter, who shall, upon such application, issue a precept to some constable of an adjoining town, neither interested nor of kin to any person interested in the land through which said road is laid, directing him to summon six disinterested freeholders of the town where such constable shall reside, and not of kin to the owner of such land, to re-assess the damages sustained by the laying out of such road," etc. Among other objections urged in the response of the supervisors to the issuing of a peremptory mandamus, is one in relation to the proper qualifications of those who composed the jury, to wit, that they were not freeholders.

This being a proceeding *in pais*, and under special provisions of law, it is absolutely necessary that the proceedings should be in strict conformity to the law. 5 Mass. 435. The law required that the jury should be composed of 'freeholders, and it is not enough that such were directed to be summoned, but it must appear, affirmatively, that such were summoned and composed the jury. Upon the examination of this case, it nowhere properly and affirmatively appears that those who composed the jury were freeholders. This objection being fatal, it becomes unnecessary to inquire further into the case.

The mandamus must be denied, and the rule discharged, at the proper costs and charges of the relator.