FITCHBURG RAILROAD COMPANY *vs.* EASTERN RAILROAD COM-
PANY.

The superior court have authority, under Gen. Sts. *c.* 43, § 40, to set aside the verdict of a
sheriff's jury on a petition for damages for land taken for a railroad, upon the ground
that the verdict is against the weight of the evidence; and may, in their discretion, de-
termine whether the evidence which was before the sheriff's jury shall be presented to
them, and, if so, in what mode.

MOTION in the superior court to set aside the verdict of a
sheriff's jury, finding that the Fitchburg Railroad Company had
sustained no damages by reason of land taken by the Eastern
Railroad Company for its railroad, on the ground that it was
against the weight of the evidence. The sheriff returned no
minutes of the testimony taken before the jury, nor did he keep
any, neither party having requested him to do so. *Putnam*, J.
ordered the appointment of a commissioner to report the evi-
dence which was before the jury, unless the parties could agree
upon the same. The defendants, contending that the court had
no power to set aside a verdict for this reason, thereupon agreed
upon a report of the evidence. The judge, after a hearing,
ordered the verdict to be set aside, on the ground above men-
tioned; and the defendants alleged exceptions.

*J. G. Abbott*, for the defendants. 1. The opinion of the supe-
rior court that the verdict of a sheriff's jury was against the evi-
dence is not a "good cause" for setting it aside, within the
meaning of the statute. The damages are estimated in the first
place by the county commissioners; and if either party is ag-
grieved, he may have a jury to revise their action. The policy
of the law is not to permit the court to revise the judgment of
the jury. There is precisely the same power in the court to set
aside their verdict in a case where the appeal is from laying out
or discontinuing a highway, as where it is from an estimate of
damages. Rev. Sts. *c.* 24, §§ 13, 34; *c.* 39, § 57. But in the
former case it would not be contended that the court have this
power. And there is no judgment of court upon the verdict, in
the case of damages. The verdict is the real judgment. Rev.

Fitchburg Railroad Company *v.* Eastern Railroad Company.

Sts. *c.* 24, §§ 34–36. Nor would it be contended that, if the parties had agreed upon a committee, instead of a jury, the report of the committee could be set aside as against the weight of evidence; nor a verdict of the jury extending the time for the removal of wood and trees. Yet the court have the same power in these cases, as in case of a verdict. 2. The statute makes express provision for revising the sheriff's rulings in matters of law, but for nothing else. This indicates the intent of the statute. The verdict is not rendered in presence of the court. Either party is entitled to a view. The jurors all sign and seal their verdict. The law provides no means of ascertaining what the evidence was. No means could be provided for bringing it fairly before the court. The argument from inconvenience is very strong. 3. The court have no right to appoint a commissioner to report the evidence. The objection is this: The first question is, what was the evidence before the jury; and upon this question the party to be affected has a right to the judgment of the court. 4. In no other case is power given to a court to set aside a verdict on this ground, in a case tried before another tribunal; and for obvious reasons no such power should exist. 5. There is no difficulty in ascertaining the " good cause " intended by the statute. Such " good cause" would be, any error or irregularity in matters of law, in summoning the jury, in the admission or exclusion of evidence, or bias or partiality on the part of a juror, or misconduct by a party. 6. The power claimed has never been sanctioned by this court. *Walker* v. *Boston & Maine Railroad,* 3 Cush. 16.

*E. H. Derby & E. F. Hodges,* for the plaintiffs, cited *Bennet* v. *Camden, &c. Railroad,* 2 Green, (N. J.) 145 ; *Davis* v. *Jenney,* 1 Met. 221 ; *Coster* v. *New Jersey Railroad,* 3 Zabr. 227, 234 ; *New Jersey Railroad* v. *Suydam,* 2 Harrison, (N. J.) 33 ; *Weatherford* v. *Wilson,* 2 Scam. (Illinois,) 253 ; *Commonwealth* v. *Sessions of Norfolk,* 5 Mass. 435 ; *Harding* v. *Medway,* 10 Met. 465.

DEWEY, J.[*] The question raised upon this bill of exceptions is as to the authority of the superior court to set aside the

---

[*] BIGELOW, C. J. did not sit in this case

verdict of a sheriff's jury upon a claim for damages occasioned by the location of a railway, upon the ground that the verdict was against the evidence and the weight of the evidence. This authority, if it exists, arises under Gen. Sts. *c.* 43, § 40, directing that " the verdict shall be returned to the next term of the superior court to be held for the same county, and the court shall receive it and adjudicate thereon, and may set it aside for good cause."

This power thus given to set aside a verdict is in very broad and general terms. Under such language, we suppose no doubt would exist as to the authority of the superior court to set aside a verdict rendered in an ordinary civil action, on the ground that it was against the evidence. Such power has ever been exercised in actions at law. It is deemed an essential power to be held and exercised under the legal discretion of the court, to secure the due administration of justice. From the nature of the case to be heard by a jury, upon a claim of damages for land taken for a railroad, and the character of the evidence likely to be adduced, and the advantages of a view, such applications to set aside a verdict would be less likely to be made, or, if made, to be favorably received or allowed, than in ordinary cases tried in court. There are other difficulties which seem to render it almost impracticable to entertain motions for a new trial upon this ground, in this class of cases. While the legislature have made full provision for reserving for the consideration of the court the rulings and directions of the sheriff in matters of law, by the Gen. Sts. *c.* 43, § 33, no provision is made for preserving or reporting the evidence submitted in such cases. This omission to provide any means for a true and full report of the evidence presents a strong objection to entertaining a motion to set aside the verdict as against the weight of evidence, and will necessarily defeat such a motion, unless, in the opinion of the court, a true and full report of the same can be made, and the case as exhibited to the jury can be clearly presented before the court. As to all this, and as to the question whether any and what means shall be adopted to present the evidence to the court, it will be a matter of judicial discretion with the court to

which such motion is addressed. Cases may occur where on the face of the papers, looking at the claim submitted to the jury and the verdict that was rendered, there would be strong reason to believe that the verdict was against the weight of the evidence. Also in a case depending upon documentary evidence, or where the whole evidence lies in a very narrow compass, and its weight is easily judged of, the power to set aside a verdict may properly and safely be exercised to correct a verdict obviously wrong, and which is inconsistent with the supposition that the jury have deliberately and impartially weighed the evidence.

But the power to set aside a verdict of a sheriff's jury upon the ground that it was against the weight of the evidence, seems to have been directly sanctioned by this court, in two reported cases, and this consideration has had much influence with us in deciding the present case. In *Commonwealth* v. *Sessions of Norfolk*, 5 Mass. 435, the justices of the court of sessions, who at that time had the same jurisdiction in respect to verdicts of a sheriff's jury as the superior court now has, refused to accept the verdict, but ordered it to be set aside on the ground of excessive damages; and, the legality of such proceeding being brought before this court, the authority of the court of sessions thus to set aside a verdict for that cause was sustained. In what manner the court of sessions obtained the knowledge of the precise evidence before the jury does not appear, but in some form that evidence was before them, and was commented upon by this court in indicating the class of cases where it might be proper for the court of sessions thus to interfere and set aside the verdict. And in *Harding* v. *Medway*, 10 Met. 465, it was authoritatively stated in the opinion of the court that the court of common pleas had the right to set aside a verdict of a sheriff's jury assessing damages to a party whose land had been taken for a highway, for the reason that the damages were excessive, as well as for any other good cause shown.

This question arose in the case as presented at the argument, but the decision upon another point rendered it unnecessary to

decide it in the final result; but from the manner in which it is stated, it is quite apparent that it was thus directly announced for the very purpose of avoiding any inference that it might be a doubtful point. In view of the language of the statute and these adjudications, the court are of opinion that the power of setting aside the verdict of a sheriff's jury, as a verdict against evidence, is conferred upon the superior court, subject however entirely to their discretion as to their action upon an application for that purpose; and that, no provision being made by statute for a report of the evidence, such motion is not one that imperatively requires the court to appoint a commissioner to ascertain and state the evidence before the jury; but, if satisfied that the case can be fully presented to the court as exhibited to the jury, and the court shall in any authorized manner have such evidence before them, they have the power to set aside the verdict as against the evidence. The presiding judge of the superior court, upon the evidence submitted to him by the parties as the evidence before the jury, the court having previously ordered the appointment of a commissioner, against the consent of the defendants, to report the evidence if the parties did not agree upon the same, decided that the verdict ought to be set aside as a verdict against the weight of the evidence; and no exceptions 'n matter of law can be sustained to his ruling in that respect.

*Exceptions overruled.*