## EASTMAN *v.* CONCORD.

64  263
69  435

A court once regularly convened, continues open until actually adjourned.

PETITION, for leave to file the statement required by Gen. Laws, *c.* 75, *s.* 7, with respect to damage suffered by reason of a defective highway.    The hearing was had April 28, 1886, and at its close the presiding justice announced his decision granting the petition, in the presence and hearing of counsel; and on the next day entered with the clerk an order accordingly, whereby leave was granted to file the statement on or before June 1, 1886.    April 28 the court took a recess until May 3, when another justice came in and presided until May 25, at which time the final call of the docket was had, and it was then announced that all cases were finally disposed of except *State* v. *Cofran*, and that judgments not then already entered would be entered up as of that day; and this plaintiff had judgment for costs in this proceeding, dated that day.

The court then took a recess until June 7, for the trial of *State* v. *Cofran*.    The trial of that case before another justice of the court occupied until June 11, when the court was adjourned without day.

June 4, the plaintiff's counsel moved the justice before whom the petition was heard, that the time for filing the petition be extended.    The defendants' counsel were present and objected; but the motion was allowed, and the time for filing the required statement extended to June 15, to which the defendants excepted.

*Leach & Stevens* and *Chase & Streeter*, for the defendants. Suppose the case of *State* v. *Cofran* had been disposed of May 24, and the court had adjourned on that day as to that case, as it did in fact as to this and all cases on the docket: would there have been any way in which the plaintiff could get another extension of time by proceedings commenced June 4, or subsequently?    We think not.    Section 9 of the statute certainly does not contain authority for further relief.    The matter of relief under that section had then become *res adjudicata;* besides, more than six months

had then elapsed since the plaintiff received his injury. There is no provision for a new trial in cases of this kind. Chapter 234, Gen. Laws, does not include such cases. *Sheafe* v. *Sheafe*, 29 N. H. 269; *Hilton* v. *Wiggin*, 46 N. H. 120. The power of the court to bring forward actions and vacate the judgments rendered therein has never been exercised, so far as we know, for the purpose of making a change in the judgments similar to that attempted in this action, and based upon like reasons. In every case where that power has been exercised, there was some fraud, irregularity, or mistake in the course of the proceedings which produced the former judgment, or in the judgment itself something that preceded the judgment or affected the way in which it was made up, so that it did not express the truth. The power has never been exercised to grant relief on account of facts arising subsequently to the rendition of the judgment. Such power is wholly inconsistent with the conclusive nature of judgments, and does not exist.

The final call of the docket was made May 24, and "it was then announced that all cases were *finally* disposed of except *State* v. *Cofran*, and that judgments not then already entered would be entered up as of that day." It will be noticed, also, that the plaintiff still had eight days in which to file his claim under the order of the court. The recess of the court from May 24 to June 7 was taken for the sole purpose of trying *State* v. *Cofran*. The justice who presided in this case had nothing to do with the term after April 28. The plaintiff's judgment for costs was entered up as of May 24. From these facts it appears beyond a doubt that the court *in fact* adjourned, so far as this case is concerned, on May 24; it was so understood by everybody.

The justice therefore had no more authority on the 4th day of June to grant an extension of time, or otherwise to modify his order of April 29, than he has to-day.

*Albin & Martin*, for the plaintiff.

BLODGETT, J. A court held by adjournment is not a new term, but a continuance of the former term (*Commonwealth* v. *Justices*, 5 Mass. 435, 436), and a court once regularly convened continues open until actually adjourned. *People* v. *Central Bank*, 53 Barb. 412. Keeping in mind these propositions, the modification of the original order was made in term time, and this bill of exceptions presents nothing requiring extended consideration.

When the order granting the petition was made and filed, it became both a judgment and a record of the court; and the power of courts for sufficient cause to set aside or modify the judgments and to amend their records is too well established in this jurisdiction to be now regarded as an open question. *Mullin* v. *Mullin*, 60 N. H. 16; *Clough* v. *Moore*, 63 N. H. 111, 112; *Wiggin* v. *Vea-*

*sey*, 43 N. H. 313, 314. Whether there was sufficient cause to require an extension of the time originally prescribed for the filing of the requisite statutory statement was a question of fact for the trial court (*Clough* v. *Moore, supra,* 112); and having been determined affirmatively by that court, the propriety of the exercise of its power to modify the order accordingly is not subject to exception.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.